398 So.2d 1220 (1981)
Mr. John H. LAURENDINE
v.
FISCHBACH & MOORE, INC. and ABC Insurance Company.
No. 11896.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
*1221 James L. Donovan, Donovan & Lawler, Metairie, for plaintiff-appellant.
Thomas M. Nosewicz, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, John L. Hantel, Duke, Porterie & Hantel, New Orleans, for Fischbach & Moore, Inc., defendant-appellee.
Before BOUTALL, CHEHARDY and STOULIG, JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court dismissing the plaintiff's suit with prejudice for the recovery of workman's compensation benefits from the defendant.
The plaintiff, John Laurendine, was employed by the defendant Fischbach & Moore, Inc. (hereinafter referred to as F & M) as an electrician for a period of three years beginning in 1973 through 1975. In the course of his employment, the plaintiff was required to work around asbestos. On May 16, 1979, Laurendine discovered by way of medical analysis that he had a chronic obstructive lung disease possibly due to asbestos exposure. Thereafter, the plaintiff filed suit against his former employer F & M and its insurer seeking the recovery of workman's compensation benefits claiming that he was permanently and totally disabled or in the alternative that he was permanently partially disabled. In response thereto, F & M filed an exception of prescription and a third party demand seeking indemnity or in the alternative contribution from all of the plaintiff's previous employers dating back to 1943.
Upon trial of this matter, the lower court entered judgment in favor of the defendants and against the plaintiff thereby dismissing the plaintiff's claim with prejudice. From this judgment the plaintiff has taken a devolutive appeal.
On appeal the issue presented for our consideration is whether Laurendine has carried his burden of proof in establishing that he contracted asbestosis, an occupational disease listed in former R.S. 23:1031.1 prior to the 1975 amendment redefining an occupational disease, as a result of his employment with F & M entitling him to workman's compensation benefits from it.
The plaintiff in a workman's compensation action based on occupational disease must establish by a preponderance of the evidence that there is a disability which is related to the employment related disease. LaCoste v. J. Ray McDermott & Co., 250 La. 43, 193 So.2d 779 (La.1967). Similarly, the plaintiff must show that he contracted the disease during the course of his employment and that the disease was the result of the nature of the work performed. Bates v. Bituminous Casualty Corp., 266 So.2d (La.App.3d Cir. 1972). It is sufficient that he establish the cause of his disability by a reasonable probability. Bryant v. Magnolia Garment Co., Inc., 307 So.2d 395 (La.App.2d Cir. 1975).
A review of the plaintiff's employment record reveals that he began working as an electrician in the U.S. Navy during WWII. At that time he was exposed to asbestos while aboard ship. The record further indicates that the plaintiff worked in the occupation of an electrician for the next 30 years. All during this period of time he was exposed to asbestos at the various construction sites to which he was assigned. In 1973 he was employed by F & M and remained there until 1975. During this time he worked at several different sites including the nuclear power plant at Taft, La., the Market Street powerhouse, a Federal building and J. C. Penney Co., Inc. While working at the first of these construction sites, the plaintiff worked as a stress reliever for four months. In doing so *1222 he was constantly exposed to asbestos fibers which accumulated on his clothing. Thereafter, the plaintiff continued to work as an electrician and was subject to asbestos exposure until 1979 when he stopped working because of medical complaints of exertional dyspnea or shortness of breath.
The plaintiff was examined by two different pulmonary disease specialists in 1979. Both doctors had different findings. Dr. Hans Weill found that the plaintiff did not have pulmonary fibrosis or scarring on the lungs and therefore there was no evidence of asbestosis. However, he did find that the plaintiff suffered from a bi-lateral pleural thickening along the collateral chest wall which is also known as pleural fibrosis or damage of the lining between the chest and the lungs. Dr. Weill concluded that the plaintiff's condition was due to exposure to asbestos. On the other hand, Dr. Ken Smith determined that the plaintiff not only had pleural fibrosis but also asbestosis which is a form of pulmonary fibrosis. Similarly, he concluded that this condition was attributable to asbestos exposure. Despite the different findings, both doctors were in agreement that the plaintiff's present condition was not due to his employment with F & M. Furthermore, this condition was most probably due to an exposure which occurred in the 1950's or 1960's. Dr. Weill indicated that lung disease due to asbestos exposure takes a minimum of 10 years from the time of exposure and the average latency period is 20 years. The plaintiff's condition was present in 1976. Accordingly, the earliest date upon which the disease could be attributable to an exposure would be 1966. Dr. Smith indicated that the earliest known latency period was 7 years, which if applied in this case would mean that the earliest date upon which the disease could be attributable to an exposure would be 1969. Hence, there is apparently no reasonable possibility that the plaintiff's present condition is due to an exposure to asbestos which occurred over a four month some time between 1973-75 while he was employed with F & M.
Based upon the foregoing, we find that there has been no showing of any manifest error committed by the trial court in determining that the plaintiff has failed to carry his burden of proof. Crump v. Hartford Accident and Indem. Co., 367 So.2d 300 (La.1979); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Therefore, the lower court acted properly in dismissing the plaintiff's claim. However, we further find that error was committed when the trial court dismissed the plaintiff's claim with prejudice.
In Chivoletto v. Johns-Manville Products Corp., 330 So.2d 295 (La.1976), the trial court determined that the plaintiff had contracted asbestosis but this condition did not render the plaintiff totally and permanently disabled. Accordingly, the plaintiff's claim for workman's compensation benefits was limited to an award for serious and permanent impairment of a useful physical function (plaintiff's lungs). On appeal, the Supreme Court recognized the fact that asbestosis is a progressive disease and therefore, reserved to the plaintiff the right to file another compensation claim if and when he would become disabled as a result of this particular occupational disease. See also LaCoste v. J. Ray McDermott & Co., supra.
In the case before us, Dr. Weill testified that asbestos exposure in the 1970's such as the kind experienced by the plaintiff may contribute to lung diseases which may not become apparent until the 1980's and 1990's. Hence, the possibility exists that the plaintiff may experience a lung disease in the future which may be attributable to his employment with F & M.
Accordingly, we order that the judgment of the trial court be amended so as to dismiss the plaintiff's claim without prejudice, and as amended, we affirm.
AMENDED AND AS AMENDED AFFIRMED.