420 So.2d 1190 (1982)
Frank HOWARD
v.
JOHNS-MANVILLE SALES CORPORATION a/k/a Johns-Manville Products Corp. and Gold Bond Building Products (National Gypsum) and Kemper Insurance Agency.
No. 5-334.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1982.
*1191 M.H. Gertler, Gertler & Gertler, New Orleans, for plaintiff-appellant.
Thomas M. Nosewicz, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Lawrence K. Benson, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
This appeal arises from a judgment of the trial court dismissing plaintiff's action seeking recovery for workmen's compensation benefits from the defendants Johns-Manville Sales Corporation (hereinafter referred to as J-M), Gold Bond Building Products (hereinafter referred to as National Gypsum), Kemper Insurance Agency, and Connecticut General Life Insurance Company.
Plaintiff-appellant was employed as a laborer by J-M from 1949 to 1970. During his tenure, he worked in the shingle department, the tile plant, and for a number of years assisted in the unloading of asbestos fibers. In 1970, Mr. Howard was "laid off" and subsequently was employed by National Gypsum. His duties there consisted of operating a lift truck and laboring on the bundling machine. National Gypsum used asbestos fibers in its operations from 1972 to 1975, at which time the use of asbestos was permanently discontinued.
At some time during his employment with National Gypsum, plaintiff began to experience chest pains, shortness of breath and fatigue. He ultimately sought medical advice for his condition and in August, 1980, was examined by Dr. Morton Brown, a pulmonary disease specialist. Dr. Brown diagnosed his condition as pneumoconiosis and recommended that he not return to work in a dusty environment. As a result, plaintiff-appellant terminated his employment with National Gypsum and has not worked at any other job since leaving National Gypsum in 1980.
Following this development, Mr. Howard filed a claim for workmen's compensation which was denied. Consequently, Mr. Howard filed this workmen's compensation suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on November 14, 1980, against J-M, National Gypsum, and Kemper Insurance Agency. Plaintiff requested workmen's compensation benefits along with statutory penalties and attorney's fees as provided for by the Louisiana Workmen's Compensation Law. Answers to the suit were filed by the defendants, along with a petition for intervention on behalf of Connecticut General Life Insurance Company, issuer of a group policy for medical insurance to National Gypsum.
A trial of this matter was held on October 6, 1981 before the Honorable Robert J. Burns, Judge. In a judgment rendered on October 8, 1981, the trial court held that the plaintiff failed to prove his case by a preponderance of the evidence and dismissed plaintiff's claim at his cost.
Following denial of his application for new trial, plaintiff perfected this appeal.
The primary issue presented for our consideration is whether plaintiff has carried *1192 his burden of proof in establishing that he contracted an occupational disease pursuant to LSA-R.S. 23:1031.1 as a result of his employment with either or both defendants.
It is well established that plaintiff in a workmen's compensation case must prove a disability which is related to the employment related disease by a preponderance of the evidence. Laurendine v. Fischbach & Moore, Inc. and ABC Insurance Co., 398 So.2d 1220 (La.App. 4th Cir.1981). Before the question of disability can be addressed, plaintiff must prove he contracted a disease during the course of his employment, and as a result of the nature of his work. Bates v. Bituminous Casualty Corp., 266 So.2d 556 (La.App. 3d Cir.1972).
A review of the plaintiff's employment history reveals that he was exposed to asbestos fibers during his 21 years of employment with J-M. In addition, he was possibly exposed to various dusts including asbestos fibers while he was employed with National Gypsum. The trial court heard conflicting expert testimony regarding the cause of plaintiff's symptoms. Plaintiff's treating physician and expert, Dr. Morton Brown, is a specialist in internal medicine and pulmonary diseases. He diagnosed plaintiff as having pneumoconiosis, a medical classification encompassing lung diseases caused by dusts of various types; specifically, that plaintiff was suffering from asbestosis, a disease related to the inhalation of asbestos dust fibers. Dr. Brown concluded that given plaintiff's history of exposure to asbestos, his finding of pleural plaques and fibrosis, a diagnosis of asbestosis was indicated. Defendant's experts, Dr. David Harllee, an expert in diagnostic radiology, and Dr. Hans Weill, an expert in internal medicine and pulmonary disease, disagreed with that diagnosis. The testimony of the medical witnesses did concur in that plaintiff was suffering from bronchitis, had an airway obstruction and pleural plaques or thickened pleura of the lungs, and that pleural plaques can be an indicator or effect of asbestosis exposure. However, Doctors Weill and Harllee stated the extent of pleural thickening was minimal, could as well be caused by smoking, was within normal limits and could not contribute to plaintiff's shortness of breath. Dr. Weill testified that the bronchitis and airway obstruction were not directly related to asbestos inhalation, but more likely caused by smoking. While plaintiff admitted to smoking one-half a pack of cigarettes a day for many years, he stated that he had quit three years earlier.
The defendant's physicians also disputed the conclusions drawn by plaintiff's expert in regard to the patient's X-rays. Dr. Brown found evidence of fibrosis or scarring of the lungs, a condition which is a chief manifestation of asbestosis Doctors Weill and Harllee, on the other hand, identified the indicators relied on by Dr. Brown as blood vessels. Finally, Dr. Brown stated that plaintiff was suffering from emphysema, a lung condition Dr. Weill also failed to find. None of the physicians found any other evidence of asbestosis.
The trial court, after viewing all the evidence, concluded that plaintiff failed to prove the existence of any occupational disease by a preponderance. Our review of that finding is limited to a determination of whether the trial court was clearly or manifestly in error. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Based on the facts as adduced, we cannot find that the trial court's conclusion was manifestly wrong, even recognizing that greater weight should be given to a treating physician's testimony. Schouest v. J. Ray McDermott & Company, Inc., 411 So.2d 1042 (La.1982). However, while we must affirm dismissal of plaintiff's action, our conclusion does not preclude plaintiff from any future relief.
It is commonly known that the type of injury plaintiff complains of is a progressive disease and conclusive symptoms and evidence may not manifest for as long as twenty years. The possibility exists here, due to plaintiff's long history of exposure to asbestos, that he may experience a lung disease attributable to his employment at either defendant company in the future.
*1193 Accordingly, and in line with the Supreme Court's decision in Chivoletto v. Johns-Manville Products Corp., 330 So.2d 295 (La.1976) as well as the Fourth Circuit Court's decision in Laurendine v. Fishbach & Moore, Inc. and ABC Insurance Company, 398 So.2d 1220 (La.App. 4th Cir.1981), we affirm the trial court's holding but amend so as to dismiss the action without prejudice, thereby reserving to plaintiff the right to file another compensation claim if and when the medical facts warrant and the law permits.
Since the plaintiff failed to prove the existence of an occupational disease, there is no necessity to review the remaining issues raised by appellant in this case.
For the reasons assigned, the judgment appealed from is amended so as to dismiss plaintiff's suit without prejudice. As thus amended, and in all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.