459 So.2d 642 (1984)
Lloyd KRAMER
v.
JOHNS-MANVILLE SALES CORPORATION a/k/a Johns-Manville Products Corporation and Avondale Shipyards, Inc.
No. 84-CA-304.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1984.
*643 Cheryl Denny, G.R. Simno, III, New Orleans, for plaintiff-appellant.
Joseph J. Lowenthal, Jr., New Orleans, Delbert Tally, Gretna, for defendants-appellees.
Before BOUTALL, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal taken by Lloyd Kraemer, plaintiff, from a judgment of the trial court denying his claim for workmen's compensation benefits. Kraemer brought this action seeking to recover workmen's compensation benefits from his former employers, Johns-Manville Sales Corporation and Avondale Shipyards, Inc., defendants, for the alleged contraction of an occupational disease.
The plaintiff was employed by Johns-Manville Sales Corporation from 1949 until 1966 (excluding two years for military service) after leaving the employ of Johns-Manville, plaintiff worked for Avondale Shipyards from 1966 through 1973. During this time period, plaintiff alleges that he was exposed to dangerously high concentrations of asbestos dust, silica, and other pneumoconiosis producing agents. Plaintiff contends that in February of 1982, he was diagnosed as suffering with a painful *644 and debilitating lung disease attributable to his occupational exposure to toxic dusts at Johns-Manville and Avondale.
This matter was tried and the trial court rendered judgment in favor of the defendants and dismissed plaintiff's cause of action with prejudice on the basis that plaintiff had failed to prove his case by a preponderance of evidence. From this judgment plaintiff appeals, asserting the following errors: (1) The trial court erred in finding no disability and (2) the trial court erred in dismissing plaintiff's claim with prejudice.
Plaintiff argues that during his 15 years with Johns-Manville and 7 years with Avondale, he was exposed to a variety of fibrogenic (lung-scarring) dusts. The trial of this matter consisted primarily of the testimony of medical experts and testimony concerning a rating system used by Johns-Manville in interpreting chest X-rays of its employees.
Plaintiff argues that the testimony of the medical experts was conflicting. Dr. Morton Brown, plaintiff's treating physician, indicated the existence of progressive lung disease related to fibrogenic dust exposure.
Dr. Brown also testified that his findings were consistent with plaintiff's exposure to asbestos and silica, and that the plaintiff's disease was progressive in nature and that the plaintiff "should avoid exposure to dusts, irritating dusts and chemical fumes."
Plaintiff introduced the testimony of Dr. Samuel Logan, a board certified general and industrial surgeon who examined employees of Johns-Manville for their annual physical checkups. Dr. Logan found no X-ray abnormality based on his review of his notes.
The trial court was also presented with the testimony of Dr. Robert Jones, a specialist in internal medicine and pulmonary disease. Dr. Jones had examined the plaintiff and obtained a complete history from him. He indicated that the plaintiff's chest resonance and expansion were average and breathing sounds normal during quiet and forced breathing. Dr. Jones requested that chest X-rays be taken of the plaintiff. These included EPA, lateral and right and left obliques.
Dr. Jones found that the lungs and pulmonary vessels appeared normal. He specifically found no evidence of asbestosis.
Besides requesting the X-rays, Dr. Jones also had the plaintiff submit to an electrocardiogram and pulmonary function test. With respect to the latter test, plaintiff's lung function was essentially normal.
After the examination, Dr. Jones testified that there was no evidence of pulmonary fibrosis or asbestosis. He did find pleural plaques due probably to inhaled asbestos, but stated that these plaques have "no known clinical significance and serve only to confirm the history of occupational exposure to asbestos". He stated these pleural plaques did not cause plaintiff any disability.
Defendants also called, through deposition, Dr. Michael Helm, a board certified radiologist on the staff of West Jefferson General Hospital, who interpreted the chest X-rays at West Jefferson General Hospital at the request of Dr. Morton Brown. Dr. Helm failed to find any radiographic evidence of asbestosis or any pneumoconiosis with respect to his review of the West Jefferson X-rays.
The West Jefferson General Hospital records were also introduced into evidence as a joint exhibit. These records again failed to contain any evidence of a diagnosis of a lung disease by any physician at that institution.
Defendants contend that rather than presenting a confused picture of medical evidence, the record reflects that the overwhelming medical evidence is clear and concise, to wit: Plaintiff is not suffering from any occupational disease.
A plaintiff in a workmen's compensation case is not relieved of his burden of proof. He must as in all civil cases carry by a preponderance of the evidence, his burden of proof, Guillory v. New Amsterdam *645 Casualty Company, 244 La. 255, 152 So.2d 1 (La.1963).
The fact that the instant case is a claim for an occupational disease does not change the standard required of a plaintiff. In Laurendine v. Fischbach and Moore, Inc., et al, 398 So.2d 1220 (La.App. 4th Cir.1981), the issue presented to the 4th Circuit was whether Laurendine had carried his burden of proof in establishing that he contracted asbestosis. In finding that the plaintiff had failed to carry his burden of proof, the Laurendine court stated that a plaintiff in a workmen's compensation action, based on an alleged occupational disease, must establish by a preponderance of the evidence that there is a disability which is related to the employment related disease.
It is an established principle of law, that the employee in a workmen's compensation proceeding has the burden of establishing the disability and its causal relation with his employment by a preponderance of the evidence, Allor v. Belden Corporation, 393 So.2d 1233 (La.1981).
After trial on the merits, the trial judge in his ruling stated that:
"I've reviewed the evidence and testimony taken in this case on September 7th as well as the concluding testimony of Dr. Jones today.
The evidence reflects that Mr. Kraemer worked for Johns-Manville from 1949 to 1966 and for Avondale from "66 to "73. From the testimony I have before me he's never been disabled or unemployed other than as a result of minor complaints like the inhalation of the welding fumes in 1980.
There's no doctor that examined him from Logan to Brown who's ever told him that he was disabled or couldn't work. As a result of the entire record in the case, I find that he has no disability at all attributable to any of his work history.
I find in favor of the defendants dismissing plaintiff's case. Each party to bear their own cost, said cost to include the cost of expert witnesses subpoenaed by them into court in the course of the trial."
A trial court may accept or reject an opinion expressed by a medical expert, depending on what impression qualifications, credibility, and testimony of an expert makes on the court, Woods v. Petroleum Helicopters, Inc., 415 So.2d 978 (La. App. 1st Cir.1982). In deciding whether an employee has proven his claimed disability, the totality of the evidence, must be considered. It is the trial judge's function to determine the weight that is to be accorded the medical and lay testimony. It is clear that question of disability related to employment must be proven by the preponderance of the evidence. However, before the question of disability can be addressed, "plaintiff must prove he contracted a disease during the course of his employment, and as a result of the nature of his work." Howard v. Johns-Manville Sales Corp., 420 So.2d 1190 (La.App. 5th Cir.1982).
It is well established that on appellate review, the trial court's factual findings as to disability are entitled to great weight and are not to be disturbed in absence of manifest error, Howard, Supra. In our review of the record, we do not find that the trial judge's conclusion was manifestly wrong, thus he was correct in dismissing the plaintiff's case.
Although we affirm the dismissal of plaintiff's action, we must amend so as to dismiss the action without prejudice for the following reason.
Since the alleged lung ailment of which the plaintiff complains is a type of condition which is chronic and progressively deteriorating, he may experience a lung disease attributable to his employment in the future.
Accordingly, we agree that the plaintiff's suit should have been dismissed without prejudice and we will amend the judgment accordingly. See Harris v. Johns-Manville Sales Corp., 450 So.2d 750 (La.App. 5th Cir.1984) and cases cited therein.
*646 For the reasons assigned, the judgment is amended so as to dismiss the plaintiff's claim without prejudice. In all other respects, the judgment of the trial court is affirmed.
AMENDED AND AFFIRMED.