BOUTALL, Judge.
Plaintiff Edmond Carmadelle appeals a decision denying his claim for workman’s compensation benefits. At issue is whether the trial court erred in maintaining defendant Johns-Manville’s exception of prescription and granting its motion for involuntary dismissal. We reverse in part and affirm in part for the reasons set forth below.
Carmadelle, appellant herein, filed suit alleging he was engaged in hazardous activity during his employment with the defendant, within the scope of the Occupational Disease Section of the Louisiana Workman’s Compensation Act, R.S. 23:1031.1. Particularly, he alleged he was exposed to asbestos and other harmful dusts during his 27 years of employment with Johns-Manville and is suffering from an occupational lung disease as a result thereof. Carmadelle also alleged he is totally and permanently disabled because of this disease, and is therefore unable to obtain gainful employment. Finally, Car-madelle alleged he was informed of his condition on September 24, 1981; his petition was filed October 30, 1981.
In response, appellee asserted Carma-delle’s condition is unrelated to his employment with Johns-Manville; particularly, that it is either related to Carmadelle’s heart disease or his back problem. It was established at trial that plaintiff suffered a heart attack in January of 1974, and retired from Johns-Manville on January 19, 1974. The following month, Carmadelle had open heart surgery. Additionally, it was established that plaintiff had back surgery in March of 1983. At the time of trial, Car-madelle was 57 years old.
Immediately before trial on December 19, 1983 defendant filed an exception of prescription, which was referred to the merits. Due to the late filing of the exception, the trial judge told the opposing counsel she would have time to call other witnesses to respond accordingly. Trial proceeded and after plaintiff tendered the last witness for cross examination, defense counsel moved for a directed verdict. Plaintiff’s counsel voiced a procedural objection on the basis she had not rested, and a ruling on the merits of the motion was deferred pending completion of defense counsel’s cross examination. The defense reurged its motion after cross examination, and the motion was granted. The court based its involuntary dismissal on two grounds: first that the testimony of plaintiff’s only medical expert was so inconsistent it could not be believed and second that plaintiff failed to prove his case by a preponderance of the evidence. Alternatively, the trial judge dismissed the case on the ground it had prescribed.
Appellant assigns several errors on appeal. First, that the court below erred in dismissing the case on the basis of prescription. Second, that the court abused its discretion in granting defendant’s motion for directed verdict (which was actually a motion for involuntary dismissal under Louisiana Code of Civil Procedure Article 1672 B). Finally, as a procedural matter, that an involuntary dismissal may only be granted after plaintiff rests, and since *623 plaintiff never rested, such involuntary dismissal was improper.
These assignments raised several issues, the most important of which is the validity of the involuntary dismissal. Appellant contends the trial court erred in finding that the testimony of appellant’s expert, Dr. Morton Brown, was so inconsistent it could not be relied upon. As the reviewing court, we should not disturb reasonable evaluations of credibility made by the trial judge even though we may be of the opinion other evaluations are as reasonable. Crump v. Hartford Acc. & Indem., 367 So.2d 300 (La.1979). In this case, the trial judge had ample basis for his evaluation. In his oral reasons for judgment, the trial judge indicated that the doctor’s position “would vacillate upon the continued and pressing argument—pressing questions, interrogation of defense counsel. His excuse on several occasions throughout his testimony was that if anything he was guilty of bad judgment with choice of words.” For example, the doctor admitted he does not always read the x-rays and x-ray reports of the patients, an admission to which the judge gave particular weight. Dr. Brown also admitted changing his opinion concerning one of plaintiff’s x-rays, after discussing them with plaintiff’s attorney. In short, the trial judge simply did not believe most of Dr. Brown’s testimony and there is sufficient support in the record for his opinion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Likewise, there is sufficient support in the record for the trial judge’s finding that plaintiff failed to prove his case by a preponderance of the evidence. Pursuant to Section 1031.1, plaintiff must prove he is disabled from an occupational disease contracted as a result of his employment with the defendant. Howard v. Johns-Manville Sales Corporation, 420 So.2d 1190 (La. App. 5th Cir.1982). Plaintiff must first prove he contracted a disease during his employment before the question of employment-related disability arises. Plaintiff only introduced the testimony of Dr. Brown on the issue of work related disease. Dr. Brown diagnosed plaintiff’s condition as asbestosis and pleural plaque, caused by plaintiff’s prolonged exposure to harmful dusts during his years of employment with Johns-Manville. But this diagnosis was made by a witness whose testimony the court chose to disbelieve. Moreover, as previously noted, plaintiff suffers from heart disease and Dr. Brown admitted that some of the symptoms of asbestosis he found in plaintiff’s lung could also be symptoms of past cardiac surgery and/or damage. It is clear that plaintiff’s disability was occasioned from a heart attack and resultant surgery in 1974. Any disability in 1983 has to be considered in relation to the original disability which appears to continue.
Appellant next raises the procedural argument that the trial court abused its discretion in granting an involuntary dismissal under La.C.C.P. Art. 1672 B. That article reads in pertinent part:
“In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party ... may move for a dismissal of the action...”
The motion is timely upon plaintiff completing the presentation of his evidence not to plaintiff uttering the magic words “I rest my case.” For all practical purposes, plaintiff had completed the presentation of his evidence since the motion was not raised until he finished the direct examination of his last witness. Thus, this argument is without merit.
However the trial judge, by amended judgment, dismissed plaintiff’s case with prejudice. We believe that asbestosis is a progressive disease and the possibility exists here that plaintiff may experience a lung disease attributable to his employment sometime in the future. See Howard v. Johns-Manville Sales Corporation, supra; Harris v. Johns-Manville Sales Corporation, 450 So.2d 750 (La.App. 5th Cir.1984); Laurendine v. Fischbach & Moore, Inc., 398 So.2d 1220 (La.App. 4th Cir.1981). *624 Accordingly, we reverse that portion of the decision dismissing Carmadelle’s action with prejudice and hold that the case must be dismissed without prejudice to the plaintiff.
The judgment appealed also dismissed plaintiffs suit by maintaining a peremptory exception of prescription based on LSA-R.S. 23:1031.1(E) which states:
“All claims for diability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that: (а) The disease manifested itself, (b) The employee is disabled from working as a result of the disease, (c) The employee knows or has reasonable grounds to believe the disease is occupationally related. Notice filed with the compensation insurer or such employer shall constitute a claim as required herein.”
We have held that it is necessary that all three requirements be met before the prescriptive period commences to run. Naquin v. Johns-Manville Sales Corporation, 456 So.2d 665 (La.App. 5th Cir.1984).
The exception was referred to the merits and was based on that same evidence. It would appear inconsistent to disbelieve the evidence of the disease manifesting itself and of resulting disability for purposes of the merits, yet rely upon it for the exception. Since we have agreed with the trial judge’s ruling on the merits, we must necessarily reverse the judgment on the exception and dismiss it.
Accordingly, for the reasons set forth above, we reverse the part of the judgment maintaining the exception of prescription and dismiss the exception. We affirm that part of the judgment dismissing plaintiffs suit on the merits, but amend it to be dismissed without prejudice. Costs in the trial court are assessed against plaintiff; costs of this appeal are assessed against appellee.
REVERSED IN PART, AFFIRMED IN PART.