478 So.2d 1335 (1985)
Nolan CLAKELEY
v.
OCHSNER FOUNDATION HOSPITAL.
No. 84-CA-64.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1985.
*1336 Gerald J. Leydecker, New Orleans, for plaintiff-appellee-appellant.
G.F. Riess, Perry R. Staub, Jr., New Orleans, for defendant-appellant-appellee.
Before KLIEBERT, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
Alton Ochsner Medical Foundation Hospital suspensively appeals a judgment in favor of its employee, Nolan Clakeley, awarding workmen's compensation benefits retroactive to the date of his injury and continuing indefinitely. In addition, the trial court ordered defendant, Ochsner Hospital to pay all medical bills actually incurred by plaintiff, as well as attorneys' fees and penalties.
Subsequent to this judgment, the plaintiff, Nolan Clakeley, moved to amend this judgment. The trial court granted Mr. Clakeley's motion and required the defendant, Ochsner Hospital to submit a Letter of Financial Responsibility guaranteeing payment by Ochsner of all reasonable and necessary expenses incurred as a result of forthcoming treatment at the Mercy Hospital Pain Clinic. From this judgment the defendant, Alton Ochsner Foundation Hospital (Ochsner) appeals and contends that the trial court erred in the following respects:
1) In concluding that plaintiff, Nolan Clakeley, established the occurrence of a work-related accident to the preponderance of the evidence;
2) In determining that plaintiff's workrelated accident, if any, aggravated his pre-existing spondylolisthesis;
3) In granting an award of workmen's compensation benefits of indefinite duration where no evidence suggested a continuing disability on plaintiff's part;
4) In finding defendant's refusal to pay workmen's compensation benefits arbitrary and capricious, so as to support an award of penalties and attorneys' fees under LSA-R.S. 23:1201.2;
5) In utilizing a maximum weekly benefit figure applicable to post-September, 1981, injuries in computing the workmen's compensation award for an April, 1981 injury;
6) In awarding duplicative damage items and in failing to reduce the medical payments portion of its damage computation to take account of payments already made by defendant.
Plaintiff, Nolan Clakeley brought this workmen's compensation action against his employer, Ochsner, for injuries received while in the course and scope of his employment. Clakeley was awarded permanent and total disability benefits for injuries he received at Ochsner where he had been employed over a period of approximately 10 years. During that period of time he had fallen off of a ladder injuring his back for which he was out of work for *1337 about 3 months. However, he returned to work and was performing his regular duties when, on April 14, 1981, while lifting a heavy door weighing approximately 90 pounds, he re-injured his back. The evidence adduced at trial revealed that Ochsner's maintenance supervisor, John Grantham, received a report from another employee, George Clayton, that Clakeley had sustained an injury to his back on a previous afternoon. Mr. Clakeley was seen by an emergency room physician on April 15, 1981, and subsequently underwent treatment for his back including two operations. From April 14, 1981, through the present date, Mr. Clakeley has been unable to return to his previous employment.
We must examine the record and determine whether Clakeley met his burden of proving his case. The law is clear that although procedural rules are construed liberally in favor of the claimant in a workmen's compensation suit, the burden of proof nevertheless rests on plaintiff to prove his case by a preponderance of the evidence, Crochet v. American Tobacco Company, 407 So.2d 1330 (La.App.3rd Cir. 1981). The testimony as a whole must show that more probable than not a work connected accident occurred, and that it had a causal relationship to claimant's disability, Prim v. City of Shreveport, 297 So.2d 421 (La.1974).
Louisiana law is equally well settled that the testimony of a plaintiff alone in a workmen's compensation case is sufficient to establish an occurrence of an accident, if there is nothing to discredit his account thereof and where his statements are supported by the surrounding circumstances, White v. Freeport Chemical Company, 319 So.2d 563 (La.App.4th Cir.1975), and Crochet, supra. In evaluating the evidence, the lower court should accept as true the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances casting suspicion on the reliability of this testimony, West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979).
Mr. Clakeley testified that he was performing his regular duties at the Ochsner Foundation Hospital on the fourth floor on the afternoon of April 14, 1981, when lifting a heavy door weighing approximately 90 pounds, he felt a sharp pain in his back. Clakeley told a co-employee, Mr. Clayton, and reported the incident to his supervisor, Mr. Grantham. Mr. Clakeley also reported the incident to the accident department investigator, Beth Inbau.
Clayton testified that he recalled the accident in April, 1981, and that it occurred while he and Clakeley were lifting doors on the fourth floor of Ochsner. Clakeley had informed him that he had injured ("hurt") his back while lifting the doors. The accident department investigator, Beth Inbau, filed an accident report which was introduced into evidence. She had spoke with Clakeley and he had told her that he had lifted a door and had hurt his back while working on the fourth floor. Subsequently she spoke with George Clayton and referred the case to employee relations for review and possible investigation by Insurer's Services, Inc., an insurance investigating company.
The record reveals that Lynn Hamilton, M.D., an orthopedic surgeon at Ochsner, made a report of his findings after examining Clakeley. In said report, Dr. Hamilton indicates that Clakeley strained his back after lifting a heavy door at work and was evidently in pain. His examination revealed a lumbar paravertebral muscle spasm with only limited motion. Dr. Hamilton stated that Clakeley should be at home with bed rest and should be off work. Furthermore, in the employer's first report of the injury completed by Roselyn White, personnel specialist, she states that the accident occurred on the fourth floor of Ochsner and disability began on April 15, 1981. In the report, she indicates that Mr. Granthan knew of the accident on April 15, and that the cause of the injury was lifting a heavy door. The record also indicates that the treating physician, Dr. Edward Connolly, first saw Clakeley on May 5,1981, when he had been in the hospital for five days and positive signs of back injury were presented.
*1338 In a workmen's compensation action, liberal interpretation in favor of the employee, must be given to the term of "accident", Lucido v. Aetna Life & Casualty, Co. 411 So.2d 608 (La.App.1st Cir. 1982). Furthermore, if there is a suddenness either in the precipitating incident or in the manifestation of disability, the requirement of "accident" is satisfied, Self v. Riverside Companies, Inc. 382 So.2d 1037 (La.App.2nd Cir.1980). Furthermore, the Louisiana courts have broadly interpreted the term "accident" as defined in LSA-R.S. 23:1021(1) to the point that the statutory requirements for an accidental injury are present "... when the performance of the usual and customary duties of a workman cause or contribute to a physical breakdown." See Malone and Johnson, Workmen's Compensation, Louisiana Civil Law Treatise (2nd Ed.1980, Sec.211-217); Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982).
The record reflects that Ochsner, conceded the fact of Clakeley's existing spinal abnormality. It is clear in Louisiana that an "accident" need not be unexpected or unforseen, since employees whose injuries are quite predictable due to pre-existing conditions are protected as completely as normal workers by the Louisiana workmen's compensation act. Furthermore, the injury need not be immediately revealed by objective symptoms at the time of the injury though they are clearly covered by the act, Wheat v. Ford Bacon & Davis Construction Corporation, 424 So.2d 293 (La. App.1st Cir.1982).
It is well settled that a reviewing court must give great weight of factual conclusions of the trier-of-fact, particularly when they involve a determination of the credibility of witnesses, thus a reviewing court should not disturb this factual finding in the absence of manifest error, Crochet, supra; Calais v. Petroleum Helicopters, Inc., 330 So.2d 408 (La.App.3rd Cir.1976), and Canter v. Koehring Co., 283 So.2d 716 (La.1973). The reason for this well settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses as compared to our access only to a cold record, but also upon the proper allocation of trial and appellate functions between our courts, Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
After careful review of the record, we find that Clakeley established and met his burden of proving his case by the preponderance of the evidence. Accordingly, we find that the record supports the trial court judgment.
Ochsner conceded that Clakeley had a pre-existing spinal abnormality diagnosed by Dr. Connolly and Dr. Hamilton as spondylolisthesis. In his report of June 23, 1980, Dr. Lynn Hamilton states that Clakeley has been his long term patient for the treatment of painful lumbosacral spondylolisthesis.
The record reveals that Dr. Connolly further testified that lifting a ninety pound door could be the type of trauma that would aggravate and activate a dormant spondylolisthesis making it symptomatic and disabling. Furthermore, "trauma usually sets off the condition and makes it start hurting, and that could have been exactly what happened in this man's [Clakeley] case from the history he was given."
Louisiana law clearly provides that an aggravation of an injury is compensable under workman's compensation. The aggravation of this condition apparently disabled Mr. Clakeley from April 14, 1981, through the present date.
The trial court, as well as we, accept Clakeley's version of the evidence presented and conclude that his condition was aggravated or precipitated by the accident.
We are convinced that although Mr. Clakeley may have had a pre-existing condition, the accident of April 14, 1981, worsened his condition and made it disabling and compensable under our workmen's compensation laws. Again, we find that the factual findings of the trial court are not to be disturbed by this court since there was evidence properly before the court which furnished a reasonable factual basis for its findings. Those findings are not *1339 clearly wrong, Arceneaux, supra; Canter, supra.
Dr. Connolly testified that Clakeley had chronic back pain and that he felt all along that Clakeley ought to be referred to a pain clinic to be evaluated and to be taken off medication. Dr. Connolly further testified that he was of the opinion that Clakeley could not have returned to work as a laborer, working as a painter (his usual occupation) during the time since he first saw him up until the time of trial.
Dr. Connolly indicated that Clakeley had continued back pain because of his spondylolisthesis condition and he, in his opinion, felt that this condition was aggravated by his work injury. We are convinced that there is sufficient evidence to show that Clakeley was disabled at the time of trial and that he needs additional medical treatment in order to improve his condition; which possibly can be improved with proper treatment.
With regard to the trial court's decision to award penalties and attorney's fees, we find no error. The defendant, Ochsner, was well aware that Clakeley was under the care of two physicians, namely Hamilton and Connolly, for treatment of injuries sustained in the course and scope of his employment.
Ochsner introduced testimony from Mr. Grantham, who admitted that he was notified of the accident, and who further admitted that he was not present at the time when Clakeley suffered his injury. Beth Inbau testified via her deposition that she investigated the accident and was going to refer it to some other investigatory agency for determination as to whether or not Clakeley was entitled to workmen's compensation benefits. Roselyn White testified that she completed her report indicating that she considered it a workmen's compensation claim from the very beginning, however, later decided to recommend that Clakeley's injuries would become compensated under a group insurance policy provided by Ochsner.
We are convinced that Ochsner knew of Clakeley's injury, a work related injury, and that benefits under our workmen's compensation scheme were due and owing. The record is void of any evidence to indicate that this accident was anything but a work related incident. Because Ochsner is self-insured for workmen's compensation, Ochsner elected to pay Clakeley under a medical disability policy.
It is the duty of Ochsner to provide medical payments under the Louisiana Workmen's Compensation Act, LSA-R.S. 23:1203. The penalty provisions of the workmen's compensation statute pursuant to LSA-R.S. 23:1201.2 are applicable where an employer wrongfully denies a medical claim, Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App.3rd Cir. 1982). We agree with the trial court's determination that penalties and attorney's fees are applicable to this case. It is essentially a fact question and the record reveals no manifest error. LSA-R.S. 23:1201.2 provides that a self-insured employer is liable for a (12%) penalty (computed on the total amount of employee's claim) and all reasonable attorney's fees if he fails to pay workmen's compensation within six days of receiving written notice of the claim, and his failure to timely pay the benefits is found to be "arbitrary, capricious, or without cause."
Although we realize employers are not to be penalized for taking their case to court for judicial resolution of a close factual question, Thompson v. Natchitoches Parish Hosp. Serv. Dist., 335 So.2d 81 (La. App. 3rd Cir.1976) (and cases cited therein) we hold, after reviewing the record, that the trial court was not manifestly in error in allowing and awarding penalties and attorney's fees because, there was sufficient reason to believe that Clakeley's condition resulted from an on-the-job accident.
The trial court's original judgment of June 21, 1983, and its amended judgment of January 6, 1984, which the trial court rendered against Ochsner awarding Clakeley back compensation in the amount of $20,679.00 and continuing at the rate of $183.00 per week until Clakeley's claim is settled or otherwise disposed was in error. After examination of the applicable statutes *1340 and the corresponding facts, we have concluded that $163.00 per week would be the maximum weekly compensation rate. Accordingly, the correct amount would be $163.00 for 113 weeks or $18,419.00 for back compensation; further, Ochsner is liable for a weekly compensation of $163.00 from the date of judgment.
In the trial court's amended judgment of January 6, 1984, the court itemized plaintiff's medical expenses at items G and H as follows:
(G.) Ochsner Foundation Clinic $1,111.00 from March 8 through March 30, 1982;
(H.) Ochsner Foundation Clinic $1,128.25 from April 22, 1982.
There exists an error in the itemization of the entry of April 22, 1982 (H). The balance of $1,111.00 from the March bill which appears at item (G) was forwarded on to the April bill. Thus, there is a duplication on the medical bill of $1,111.00. The total amount of medical expenses should therefore be reduced from $18,798.09 to $17,687.09.
With respect to the credit to be given Ochsner for the payment under the medical disability policy, we hold that these benefit payments under the health and accident policy do not qualify pursuant to LSA-R.S. 23:1206 as payment for which the employer would be entitled to a credit. In order for an employer to receive credit against workmen's compensation payments, the employer must show the amounts were paid as compensation and not as insurance type payment for which the employee had been paying premiums during his employment, Gonzales v. Coastal Wire Warehouse, Inc., 328 So.2d 923 (La.App.4th Cir.1976), Naquin v. Texaco, Inc., 423 So.2d 31 (La.App.1st Cir.1982). Accordingly, Ochsner is not entitled to a credit against compensation paid under their sick and accident benefits plan.
We have and do conclude that a trial court's findings on factual issues relative to compensation cases are entitled to great weight and are not to be disturbed except on manifest error. Here Clakeley met his burden of proof by the preponderance of the evidence and we are convinced that there was sufficient evidence which preponderated that Clakeley suffered an on-the-job injury with subsequent objective medical findings for permanent disability.
For the foregoing reasons, the judgment of the trial court is amended as indicated and as amended, is affirmed.
AMENDED AND AFFIRMED.