WILLIAMS, Judge.
This is an appeal from a decision of the trial court finding defendant Allstate Insurance Co. and its insureds liable to plaintiff Ernest J. Barrow for workers’ compensation benefits arising from his total and permanent disability.
Plaintiff Barrow was driving a truck loaded with coffee on August 12, 1982. Plaintiff was an employee of defendant Horizon International, which is owned by Earl Egan, also a defendant in this case. Barrow was shot and wounded after he left the cab of his truck to speak with a motorcyclist. As a result of this incident, plaintiff claimed workers’ compensation benefits. The circumstances of the shooting were in dispute at trial and form the bases for two of defendants’ assignments of error: (1) the trial court should not have found that Barrow’s disability arose from the course *1158 and scope of his employment and (2) plaintiff’s actions were of such a malicious nature that a reasonable man should have realized that injury would have resulted. The defense also argues that the trial court was in error in awarding penalties and attorneys’ fees.
COURSE AND SCOPE OF EMPLOYMENT
The defendants argue that the trial court was in error in determining that the incident arose from the course and scope of plaintiff's employment as required by La. R.S. 23:1081.
At trial, plaintiff presented this scenario: He was driving his truck down Louisiana Avenue. While stopped for a red light, he noticed that someone was shouting at him. He was unable to understand what was being said because of the noise that his truck made, but was concerned that the man was trying to tell him that there was something wrong with the truck. Barrow then alighted from the cab of his truck. The man, who had been driving a motorcycle, was apparently angry at plaintiff because he believed that plaintiff had been driving irresponsibly and had “cut him off.” He cursed at Barrow, and plaintiff realized that the angry cyclist had a gun. It was at this point that Barrow picked up a piece of steel tubing in order to defend himself if it became necessary. Barrow testified that at no time did he threaten the other man with the pipe, either verbally or by gesture. The motorcyclist then shot Barrow.
The defense presented testimony of an eyewitness, who stated that Barrow was an aggressor in the confrontation and that he swung the pipe menacingly and threatened the cyclist with physical harm.
At issue is whether the trial court correctly found that the shooting arose out of the course and scope of Barrow’s employment. In order to be eligible for workers’ compensation benefits, a claimant’s injury must be the result of a risk to which he is subjected by virtue of his employment. Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980); Laughlin v. City of Crowley, 411 So.2d 708 (La.App. 3d Cir.1982). In the case now before the court, the lower court had to make a factual determination, based on the evidence introduced at trial, as to the actual cause of plaintiff’s injury. We must give great weight to this determination. Lucido v. Aetna Life & Cas. Co., 411 So.2d 608 (La.App. 1st Cir.1982). A conscientious driver attempting to determine if there were something wrong with his vehicle would be within the course and scope of employment. For this reason, the trial court’s findings that plaintiff’s injuries arose from the course and scope of his employment are not manifestly erroneous.
WILFUL INTENTION TO INJURE SELF OR OTHER
Additionally, defendants argue that the trial court was in error in failing to find that the plaintiff acted in such a manner so as to preclude recovery. La.R.S. 23:1081 provides that an employee shall be denied compensation for an injury which was caused by his own “wilful intention to injure himself or to injure another.”
The defense’s position on this issue is premised upon an acceptance of the version of facts it presented at trial, and not upon that version accepted by the trial court.
The facts, as presented by plaintiff, do not necessarily compel a finding that he acted so as to cause his own injury. For this reason, the trial court was not in error in refusing to deny compensation on this basis. Lucido, supra, at 610.
PENALTIES AND ATTORNEYS’ FEES
The defense argues that the trial court erred in awarding plaintiff penalties and attorneys’ fees. The trial court found defendants to have been acting in an arbitrary and capricious manner when they refused to pay workers’ compensation benefits to plaintiff.
At trial, the defense presented the testimony of an eyewitness who stated that plaintiff was the aggressor in the altercation and that plaintiff swung the pipe at the cyclist. Although this testimony was rejected by the trial court, we cannot find that the judge’s statement in his reasons for judgment that the facts were undisputed to be valid. Allstate based its decision to deny benefits upon the eyewitness’s ver *1159 sion of the incident. Although this version was not ultimately accepted by the lower court, it does not necessarily mean that the decision to withhold compensation benefits was arbitrary, capricious, or without probable cause.
The trial court’s determination that penalties and attorneys’ fees should be awarded should not be overruled unless manifestly erroneous. Gauthier v. Employers Nat. Ins. Co., 316 So.2d 769 (La.App. 1st Cir.1975) writ refused 320 So.2d 911 (La. 1975). Based upon the evidence presented below, however, we must reverse the trial court’s award of penalties and attorneys’ fees. Defendants’ eyewitness, whose version of the incident obviously supported their decision to deny benefits, although not accepted by the trial judge, was not seriously impeached or discredited at trial. There is nothing in the record to indicate that it was unreasonable for the defense to have relied upon him. For this reason we find that Allstate has not acted arbitrarily, capriciously or without probable cause. Plaintiffs request for attorneys’ fees for the appeal, therefore, is denied.
For the foregoing reasons, the decision of the trial court awarding workers’ compensation benefits to plaintiff is affirmed and the award of attorneys’ fees and penalties is reversed.
AFFIRMED IN PART; REVERSED IN PART.