WATKINS, Judge.
On May 7, 1979, Mrs. Iris Lucido injured her back while in the course and scope of her employment with D.H. Holmes Co., Ltd., which had workers compensation insurance with Aetna Life and Casualty Co. Mrs. Lucido sued Aetna, and was awarded workers compensation benefits for total and permanent disability by the trial court. On appeal, we affirmed, by decision dated March 3, 1982, and reported as Lucido v. Aetna Life and Cas. Co., 411 So.2d 608 (La.App. 1st Cir.1982).
This appeal arises from a petition filed by Mrs. Lucido on September 16, 1982, styled “Supplemental Petition” against Aetna, seeking medical payments, and travel expenses incident thereto, from Aetna under the workers compensation statute in the sum of $3,679.54.
On May 10, 1985, a hearing on the “Supplemental Petition” was held at which counsel for Aetna and Mrs. Lucido stipulated that the allegations of Mrs. Lucido in the Second Amending and Supplemental Petition filed April 15 or 17, 1985[1] would be taken as true. No other evidence was taken at this hearing and no bills for medical or hospital services were introduced.
A judgment was rendered dated October 4,1985, in favor of Mrs. Lucido and against Aetna in the sum of $23,848.24 and attorney’s fees, the principal sum being for repayment of past medical expenses. The judgment further awarded future medical expenses but did not specify the amount.
Aetna perfected a suspensive appeal, the order for appeal being dated November 7, 1985. A motion and order to substitute the *761 widower and children of Mrs. Iris Lucido[2] was filed and granted November 27, 1985, Mrs. Lucido having died October 26, 1985. On December 16, 1985, plaintiffs perfected a devolutive appeal. Thereafter, on February 11, 1987, a new hearing was held to prove medical and other expenses incurred after the calculation of the $23,848.24 award. We ordered this hearing to be stricken from the record by writs granted February 25, 1987.
Thus, the sole record before us is that made up before the February 11, 1987, hearing took place. We have carefully examined the record and find that the judgment of October 4, 1985, awarding $23,-848.24 in medical costs, which is the judgment from which both parties appeal, is not supported by any evidence of any medical or hospital bills in any definite amount. Therefore, we must set aside the judgment of October 4, 1985, for lack of a record upon which it could be based.
The judgment of the trial court is reversed, and plaintiffs’ cause of action set forth in the “Supplemental Petition” filed September 16, 1982, is dismissed with prejudice, all costs to be borne by plaintiffs in the trial court and on appeal. .
REVERSED.

. The pleading is stamped "Apr. 17” but the handwritten notation at the caption shows it was filed April 15.

. These being Sam Lucido, widower, and Salvador, Wayne, and Michael Lucido, children.