606 So.2d 15 (1992)
Ida JASMIN
v.
ST. JAMES PARISH SCHOOL BOARD and Liberty Mutual Insurance Company.
No. 92-CA-275.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 1992.
Writ Denied November 20, 1992.
Paul G. Aucoin, Vacherie, for appellant, plaintiff Ida Jasmin.
Leah H. McKay, Baton Rouge, for appellees, defendants St. James Parish School Bd. and Liberty Mut. Ins. Co.
Before GOTHARD and CANNELLA, JJ., and BURNS, J. Pro Tem.
*16 CANNELLA, Judge.
Ida Jasmin appeals a judgment denying her worker's compensation benefits for failure to prove either the occurrence of an accident or the aggravation of a pre-existing injury. We affirm.
Appellant was employed for many years as a part-time janitor for the St. James Parish School Board. On March 10, 1989, she was working in a local elementary school when she claims that she tripped over a large dust mop, causing her to twist and injure her left knee. No one witnessed the accident. An Employer's Report Of Occupational Injury Or Disease was filled-out by appellant's supervisor and dated March 10, 1989. The school principal, Ralph Plaisance, was informed of the accident, shortly after it occurred, by his secretary. He signed a First Report of Injury form on April 14, 1989. Absentee records showed that appellant was absent from work from March 14, 1989 until August 1990. She underwent surgery in May, 1989. The school secretary checked boxes on the absence forms to explain the reason for the absence. Some were checked "illness", "personal illness", "emergency" and "personal illness-surgery". The box for "injury incurred on job" was never checked. On March 9, 1990 appellant filed a worker's compensation claim. On January 15, 1991 her case was tried by an administrative hearing officer and judgment was rendered on April 25, 1991 in favor of the School Board.
Appellant contends that the hearing officer erred in finding that she failed to prove an accident or an aggravation to a pre-existing injury. She claims that she was unable to report the injury on March 10, 1989 because it happened late on a Friday and no one was in the office. She contends that she told Dr. Maki of the accident a few days after it happened. She claims that she proved all elements of her case and met her burden of proof.
The main questions before the hearing officer were whether the appellant had an accident at work on March 10, 1989 and whether it caused her an injury or aggravated a pre-existing injury. The hearing officer found that appellant did not bear her burden of proof. The main question before this court is whether the hearing officer was manifestly erroneous in her judgment of April 25, 1991.
Appellant had a long history of osteoarthritis in the left knee. She began treatment with Dr. Neil Maki, an orthopedic surgeon, in September, 1983. She complained of pain in the left knee and x-rays showed some arthritic changes and a bowlegged deformity. He treated her conservatively. She was seen thereafter on December 23, 1983 and February 17, 1984. Between 1984 and 1987 she was treated by another doctor, but returned to Dr. Maki on October 21, 1987. During that visit, he discovered that she had undergone arthroscopy. Dr. Maki diagnosed her condition as predominantly medial compartment osteoarthritis with a varus deformity. He informed her that she had certain options. She could undergo a knee joint replacement or she could undergo osteotomy with a debridement. She made no decision then, but continued the conservative treatment.
Appellant continued in pain and was seen again on February 15, 1989, one month prior to the alleged injury herein. During that visit, Dr. Maki suggested that she proceed with surgery and she agreed to osteotomy with debridement. In another visit on April 3, 1989, they again discussed surgery and she said that "she was having enough pain in her knee that she wanted to proceed with surgery."
Surgery was performed on May 1, 1989. She was examined under anesthesia and underwent arthoscopic debridement, including resection of the degenerative tearing of the medial lateral meniscus. Then, she underwent osteotomy of the tibia and fibular. Dr. Maki assessed a 20-30% functional impairment of the extremity.
Not until October 17, 1989 did Dr. Maki learn of the accident and wrote it in his progress notes. He found out by telephone with a representative of Liberty Mutual Insurance Company. He discovered two work excuse notations in his files, apparently provided by him verbally to his nurse after appellant telephoned. One note, dated *17 March 28, 1989, simply said that she was unable to work due to pain in her knee. The other, in June, referred to the knee disability resulting from a work related injury. Dr. Maki did not recall that appellant ever told him that she hurt her knee on March 10, 1989 at work. He stated that he did not treat the case like a workers compensation case until October, 1989, when he first learned about the accident at work.
Dr. Maki believed that the condition of appellant was long-standing and progressive. He testified that it was possible she could have aggravated it if she tripped and twisted the knee. However, he saw no change in her condition between the February and April, 1989 visits, the time when she allegedly tripped and the work injury or aggravation occurred.
The plaintiff in a workers compensation suit has the burden of proving, by a preponderance of the evidence, that there is a work related disability. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992); Kramer v. Johns-Manville Sales Corp., 459 So.2d 642 (La.App. 5th Cir.1984). The testimony of the worker alone may be sufficient to discharge this burden of proof, absent other evidence which discredits or casts doubt on the worker's version of the incident and the testimony is supported by corroborating circumstances. Bruno v. Harbert International, Inc., supra. The corroborating evidence may be provided by the testimony of spouses, co-workers, friends or medical evidence. Bruno v. Harbert International, Inc., supra. In evaluating this evidence, the uncontradicted testimony of a witness, even if the witness is a party, should be accepted as true, in the absence of circumstances casting suspicion on the reliability of the testimony. Bruno v. Harbert International, Inc., supra; Clakeley v. Oschner Foundation Hospital, 478 So.2d 1335 (La.App. 5th Cir.1985).
In her Written Reasons for Judgment, the hearing officer stated that, in order to meet her burden, when the claimant seeks to prove the occurrence of a work related accident solely by her own testimony, the evidence must be clear, convincing, plausible, consistent and supported by other circumstances appearing in the record, citing language preferred by the third circuit in Provost v. Transportation Insurance Co., 524 So.2d 800 (La.App. 3rd Cir.1988) and Crochet v. American Tobacco Co., 407 So.2d 1330 (La.App. 3rd Cir.1981).
The "clear and convincing" language appears to this court to impose a more onerous burden on the claimant than that used by this court in Clakeley v. Oschner Foundation Hospital, supra and the Louisiana Supreme Court in Bruno. Consequently, we reject the statement of the law of the burden of proof and have reviewed these facts de novo based on the standard set forth in Bruno and Clakeley.
Despite our independent review, we reach the same conclusion as the hearing officer. The testimony of appellant was not supported by other corroborating evidence, either as to the occurrence of the accident or to the disability. The evidence as to the occurrence was unsupported and contradictory. Furthermore, appellant had a long history of gradually worsening osteoarthritis, as shown by the medical evidence, which was not made worse between February and April, 1989. Thus, a finding of aggravation of a previous condition is also precluded, even if we were to find that an accident occurred in March, 1989.
Accordingly, the judgment of the trial judge is hereby affirmed. Costs of appeal are to be paid by appellant.
AFFIRMED.