LEVINE, J.
The issue presented for our review is whether the trial court erred in relying on the attorney’s fees provision in a marital settlement agreement between the former husband and the former wife, which was triggered only when one of the parties “defaulted” on an obligation under the agreement. We find merit in the former wife’s appeal of the trial court’s non-final order pertaining to attorney’s fees and costs, and find that neither party “defaulted” under the marital settlement agreement. Thus, we reverse the trial court’s order as to attorney’s fees in part.
Appellant, the former wife, and appellee, the former husband, dissolved their marriage in 2010. The final judgment of dissolution incorporated the parties’ marital settlement agreement. The marital settlement agreement included a timesharing schedule for the minor children as well as the following provision regarding attorney’s fees and costs:
Except as otherwise provided in this Agreement, should either party to this agreement default in his or her obligation hereunder, the party in default shall be liable to the other party for all reasonable expenses, including attorney’s fees, incurred by the other party with regard to the enforcement of the obligations created in this Agreement, whether suit be brought or not.
(emphasis added).
The former wife filed an emergency motion for temporary sole custody and parental responsibility and for contempt against the former husband, claiming that the former husband was not complying with the timesharing schedule and thereby causing various problems for the parties’ minor daughter. The former wife also requested that the trial court order the former husband to pay attorney’s fees and costs related to the filing of the former wife’s emergency motion.
After an evidentiary hearing, the trial court found that the former husband should not be held in contempt. The trial court denied the former wife’s request for temporary sole custody and parental responsibility and determined that the parties should return to the timesharing schedule as set forth in the final judgment of dissolution.
Later the trial court held a hearing on the issue of attorney’s fees and costs. After the hearing, the trial court found:
Since the Former Husband prevailed on the Former Wife’s Motion for Contempt, the Former Wife’s request for fees and costs in reference to that motion is denied. Because the Former Wife’s Motion for Contempt was in the nature of an enforcement of a provision in the Marital Settlement Agreement, and because of the language contained in Florida Statute 57.105(7) making a provision for attorney’s fees to enforce a contract provision bilateral, the Former Husband is entitled [to] an award of fees and costs in a successful defense of the Former Wife’s Motion for Contempt.
*1071 The trial court also stated that the provision in the marital settlement agreement was not a prevailing party provision, and therefore, the former wife was entitled to temporary attorney’s fees without regard to whether she prevailed on her request for permanent modification. The court found that $6,982 was a reasonable fee for the former husband’s defense of the former wife’s contempt motion, and setoff this amount from the $20,000 it awarded to the former wife as temporary fees and costs in connection with her pending request for permanent modification. This appeal follows.
We review de novo the issue of entitlement to attorney’s fees based on the interpretation of a contract. Stevens v. Zakrzewski, 826 So.2d 520, 521 (Fla. 4th DCA 2002). “It is well settled that a marital settlement agreement is to be interpreted like any other contract and is construed as a matter of law.” Zakian v. Zakian, 887 So.2d 549, 550 (Fla. 4th DCA 2003) (citation omitted). “[T]he provisions in the marital settlement agreement awarding attorney’s fees are generally enforced.” Vitale v. Vitale, 31 So.3d 970, 973 (Fla. 4th DCA 2010).
In Zakian, we were faced with a similar provision in a marital settlement agreement. The provision at issue in Zakian stated, “Should either party fail to abide by the terms of this Agreement, the defaulting party will indemnify the other for all reasonable expenses and costs including attorney’s fees incurred in the enforcement of this Agreement.” 837 So.2d at 550. Concerning this provision, we reasoned:
We do not read this particular provision to base entitlement to fees on whether the party prevailed, although the party would have to successfully enforce performance against the defaulting party. Here the parties’ agreement tied the contractual obligation to pay fees to whether one of them has “defaulted” on a duty or obligation arising under their settlement agreement.

Id.

In the present case, as in Zakian, the clause in the parties’ marital settlement agreement tied the former wife’s obligation to pay attorney’s fees to a “default” in one of the former wife’s obligations under the marital settlement agreement. The former wife was unsuccessful in her attempt to obtain temporary sole custody and parental responsibility, and in her attempt to hold the former husband in contempt; thus, the trial court found that the former husband did not “default” by failing to comply with the timesharing schedule.
However, nor did the former wife “default” in an obligation under the agreement simply because the former husband “prevailed” in defending against her emergency motion. Accordingly, since there was no “default,” and a “default” was necessary to trigger application of the fees provision in the marital settlement agreement, we find that the attorney’s fees provision in the marital settlement agreement was not applicable. The trial court, therefore, erred in finding a contractual basis to require the former wife to pay the former husband’s attorney’s fees under the circumstances of this case.
Further, we note that section 57.105(7), Florida Statutes (2011), “renders bilateral a unilateral contractual clause for prevailing party attorney’s fees.”[1] Indem. Ins. Co. of N. Am. v. Chambers, 732 So.2d 1141, 1143 (Fla. 4th DCA 1999); see also *1072 Fla. Hurricane Prot. & Awning, Inc. v. Pastina, 43 So.3d 893, 895 (Fla. 4th DCA 2010) (“The statute is designed to even the playing field, not expand it beyond the terms of the agreement.”)- The attorney’s fees provision in the marital settlement agreement applied to both parties equally, and was therefore not a unilateral provision necessitating the application of section 57.105(7) for reciprocity purposes, and as such, the trial court also erred in relying on section 57.105(7).
Therefore, we reverse the $6,932 in attorney’s fees that was awarded to the former husband as a credit against the temporary fee of $20,000 awarded to the former wife in connection with her request for permanent modification. We direct the trial court to redetermine the former wife’s entitlement to attorney’s fees for the work performed on her emergency motion, using the standard for attorney’s fees awards under section 61.16, Florida Statutes, for the entirety of the motion. See Vitale, 31 So.3d at 973; Harrison v. Gattozzi, 992 So.2d 865, 866 (Fla. 5th DCA 2008). If the trial court again determines that the former wife is entitled to attorney’s fees, it should determine the reasonable amount of fees incurred in connection with the emergency motion, and set the manner in which the former husband will pay those fees.[2]

Reversed and remanded for proceedings consistent with this opinion.

DAMOORGIAN and CIKLIN, JJ., concur.

. Section 57.105(7), Florida Statutes (2011), provides:
If a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the *1072 contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

. The other issues raised by the former wife on appeal are moot in light of our conclusion.