PER CURIAM.
Bold MLP, LLC (Bold), bought some Pensacola property subject to a lease. Not long after Bold received its first rent payment as the new owner, the relationship between Bold and the tenants soured. Not long after that, Bold sought to terminate the lease. Litigation quickly followed, and the circuit court entered a declaratory judgment interpreting the lease and finding it enforceable. Bold appealed.
Among Bold’s several arguments on appeal is that the trial court misinterpreted the lease agreement’s rent provision. The agreement explicitly states that the monthly rent will be $800 for the first year, $875 for the second, and $950 for the third. The agreement contemplated a three-year renewal option, which the tenants exercised. Without explanation, the trial court declared that “[t]he lease amount for the renewal period under the lease shall be $950 per month.”
Bold argues that the agreement provides “no answer” as to the rent due in subsequent years. He then argues that “Florida law is clear that where the lease is silent on the issue-of rent in the renewal, then there is not a binding agreement and meeting of the minds.” Accordingly, he insists the trial court should have found a “deficiency” in the agreement that precluded its enforcement.
The interpretation of a contract is a legal issue that we review de novo, Imag *1262 ine Ins. Co. v. State ex rel. Dep’t. of Fin. Servs., 999 So.2d 693, 696 (Fla. 1st DCA 2008). Contrary to Bold’s argument, the agreement did address the monthly rent for the renewal period. The agreement said the rent would be $800 for the first year and that “[e]ach subsequent year rent will increase 5%.” The “5%” was scratched through (and initialed) and replaced with a handwritten:' “$75 2nd yr. $875 3rd yr. $950.” Therefore, the agreement calls for a $75 increase each year, which is consistent with its explicitly stating rates of $875 and $950 for years two and three, respectively. Notwithstanding the trial court’s declaration that rent will stay at $950, the agreement requires monthly rates of $1025, $1100, and $1175 for years four through six.
Bold’s argument on appeal was not that the trial court settled on the wrong rental rate; it was that there was no rental rate to be found, meaning the agreement could not be enforced. We reject Bold’s argument on this point, along with its remaining appellate arguments.
AFFIRMED.
ROBERTS, C.J., OSTERHAUS and WINSOR, JJ., concur.