# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

––––––––––––––––––––––

No. 1D17-753

––––––––––––––––––––––

AZALEA TRACE, INC.,

    Appellant,

    v.

NORA MATOS and ARNOLD
ESKIN,

    Appellees.

––––––––––––––––––––––

On appeal from the Circuit Court for Escambia County.
Darlene F. Dickey, Judge.

June 4, 2018


PER CURIAM.

Toward the end of her life, Pearl Eskin moved into Azalea Trace, a nursing home. She signed a residency contract, which required her to pay a substantial entrance fee. The agreement provided that if she died within a certain timeframe, Azalea Trace would refund a portion of the entrance fee. Mrs. Eskin later signed an "Assignment of Reimbursement of Entrance Fee," through which she assigned her refund rights to her children, appellees Nora Matos and Arnold Eskin. After Mrs. Eskin's death triggered the refund obligation, Azalea Trace gave the children only a partial refund, asserting that it could offset certain amounts. The home said it provided discounted services to Mrs. Eskin before she died and that it could recoup the discounts from the refund. The children sued, seeking a full refund and alleging that the residency

contract did not permit the offsets. The children prevailed at summary judgment, Azalea Trace appealed, and we affirmed (albeit without opinion), *see Azalea Trace, Inc. v. Matos*, 178 So. 3d 397 (Fla. 1st DCA 2015) (unpublished table decision).

The case now comes to us again, the main issue this time being whether the children are entitled to prevailing-party attorney's fees for the victory already won. The trial court held that they were, and it awarded the children approximately $27,000 for trial-court attorney's fees, approximately $13,500 for appellate attorney's fees, and approximately $18,300 in expert costs. We conclude it was error to award fees other than the appellate attorney's fees and expert costs, so we reverse in part.

I.

Florida generally follows the American Rule, under which each side pays its own attorney's fees. *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1214 (Fla. 2016). Courts can order losing parties to pay victors' fees, though, if there is a contractual or statutory basis for doing so. *Id.* at 1214-15. Below, the children asserted two statutory bases to justify a fee award. First, they sought fees under section 768.79, Florida Statutes (2013), Florida's offer-of-judgment statute. But Azalea Trace argued that the children's offer-of-judgment was invalid, and the children ultimately disclaimed reliance on that statute. *Cf. TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 612 (Fla. 1995) (holding that under section 768.79, a trial court can deny an award of attorney's fees if the qualifying offer was not made in good faith). This left the children (and now leaves us) with just one asserted basis for fees: section 57.105(7), Florida Statutes, which is the focus of this appeal.

Under section 57.105(7), when a contract provides prevailing-party fees for one party, the court may allow prevailing-party fees for the opposing party, even if the contract does not explicitly provide for them. In other words, the statute serves "to statutorily transform a unilateral attorney's fees contract provision into a reciprocal provision." *Bank of New York Mellon Tr. Co., N.A. v. Fitzgerald*, 215 So. 3d 116, 119 (Fla. 3d DCA 2017); *accord Fla. Cmty. Bank, N.A. v. Red Rd. Residential, LLC*, 197 So. 3d 1112, 1115 (Fla. 3d DCA 2016) ("[N]otwithstanding that the contractual fee provision is one-sided, entitling only one of the contract's

2

parties to prevailing party fees, by operation of law section 57.105(7) bestows on the other party to the contract the same entitlement to prevailing party fees.").

The trial court awarded fees under this provision, concluding that the assignment document included a prevailing-party fee provision that would have allowed Azalea Trace to recover fees from the children had it prevailed. Thus, the trial court reasoned, section 57.105(7) made that provision reciprocal and allowed the children to recover fees from Azalea Trace. On appeal, Azalea Trace argues that it cannot be liable under section 57.105(7) because it was not a "party" to the assignment. We review this issue *de novo*. *See BOLD MLP, LLP v. Smith*, 201 So. 3d 1261, 1261 (Fla. 1st DCA 2016).

## II.

We first consider the children's argument that—right or wrong—the fee issue was already decided in the earlier appeal. Under the law-of-the-case doctrine, issues of law actually decided on appeal govern the rest of the proceedings, including subsequent appeals. *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001). So if we decided in the earlier appeal that the assignment and section 57.105(7) authorized a fee award, we would stick to that now, absent some showing of manifest injustice, *see id.* at 106 (noting manifest-injustice exception).

Our unpublished order granting fees in the earlier appeal explained that the children moved for appellate attorney's fees "pursuant to *either* section 768.79 [the offer-of-judgment statute] *or* section 57.105(7)." (emphasis added). The order then said, without elaboration, that "Appellees' motion is granted." For whatever reason, we did not specify the basis on which we granted appellate attorney's fees. As a result, there is no way for us now to conclude that this order actually decided the issue now before us— whether section 57.105(7) authorized an award. Our order might have turned on section 57.105(7), but it might have turned on the offer-of-judgment statute, a statute no longer at issue. To the extent the lower court awarded fees based on our earlier, unchallenged order, that award can stand. But to the extent the lower court awarded fees for work in the trial court, law of the case will not help us, and we must decide the issue independently.

3

## III.

Florida law is clear that no person can claim fees under section 57.105(7) unless that person is a "party" to the contract that includes the fee provision. *See Nationstar Mortg. LLC v. Glass*, 219 So. 3d 896, 898 (Fla. 4th DCA 2017) ("The plain language of section 57.105(7) has two requirements. First, the party must have prevailed. Second, the party had to be a party to the contract containing the fee provision."); *Fla. Cmty. Bank, N.A.*, 197 So. 3d at 1115 ("As section 57.105(7) plainly requires, to gain the benefit of its substantive entitlement to prevailing party fees, the party seeking the benefit of reciprocity must be a party to the contract containing the fee provision."); *see also Bank of New York Mellon Tr. Co., N.A.*, 215 So. 3d at 119 ("Because section 57.105(7) shifts the responsibility for attorney's fees, it is in derogation of common law and must be strictly construed."). Because we agree with Azalea Trace that it was not a party to the assignment, we reverse the fee award.

The assignment document itself opens by saying it "is made" by Mrs. Eskin and the children. It recited that Mrs. Eskin "desire[d]" that any reimbursement of her entrance fee "be assigned to and become the property of the" children. It also made clear that the assignment would not modify or otherwise affect the underlying resident agreement: "The Resident/Assignor [Mrs. Eskin] and the Assignee [the children] further acknowledge and agree that this assignment is intended to be a separate agreement *between the Resident/Assignor and the Assignee*, and it is not intended to be, nor is it an amendment to the Residency Contract." (emphasis added). Then, on the signature page—and under the line "the parties hereunto subscribe their names"—Mrs. Eskin and the children signed.

To be sure, the assignment accounted for Azalea Trace's involvement. The assignment had the parties "acknowledge that such assignment is subject to approval of Azalea Trace, Inc., in its sole discretion," and it included a line (not on the parties' signature page) where Azalea Trace's executive director "approve[d] the forgoing assignment." The assignment even reflected the parties' agreement to provide certain benefits to Azalea Trace, most notably the fee provision at the heart of this appeal: Mrs. Eskin

4

and the children "agree[d] to indemnify and hold Azalea Trace, Inc. harmless from any claims which may be brought and any costs or expenses, including reasonable attorneys' fees, which may be incurred by Azalea Trace, Inc. as a result of or otherwise in connection with the assignment." But the parties' intent to benefit a third party does not make the beneficiary a party to the contract. *See Mendez v. Hampton Court Nursing Ctr., LLC*, 203 So. 3d 146, 149 (Fla. 2016).

Because Azalea Trace was not a party to the assignment, it cannot be held accountable for attorney's fees under section 57.105(7), and we reverse the trial court's award of $27,072 in trial attorney's fees. However, we reject Azalea Trace's arguments that the court committed reversible error in calculating and awarding appellate attorney's fees and expert costs, and we therefore affirm those portions of the order.

AFFIRMED in part; REVERSED in part.

JAY, WINSOR, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Patrick Dervishi of the Shir Law Group, P.A., Boca Raton, for Appellant.

Samuel W. Bearman of the Law Office of Samuel W. Bearman, L.C., Pensacola, for Appellees.