# Supreme Court of Florida

No. SC20-1195

**SAMUEL SALOMON LEVY,**
Petitioner,

vs.

**EINATH BACH LEVY,**
Respondent.

October 7, 2021

GROSSHANS, J.

We have for review *Levy v. Levy*, 307 So. 3d 71 (Fla. 3d DCA 2020), which held that section 57.105(7) of the Florida Statutes applied to the attorney's fee provision in the parties' property settlement agreement. *Id.* at 73-74. That holding expressly and directly conflicts with *Sacket v. Sacket*, 115 So. 3d 1069 (Fla. 4th DCA 2013)—a decision holding that section 57.105(7) did not apply to a comparable attorney's fee provision. *Id.* at 1070, 1072. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const. For the reasons explained below, we quash *Levy* and approve the result in *Sacket*.

## Background

In 2011, a court entered a judgment dissolving the marriage of Samuel Levy (former husband) and Einath Levy (former wife). *Levy*, 307 So. 3d at 73. That judgment incorporated two agreements between the parties—a Consent Custody and Visitation Agreement and a Property Settlement and Support Agreement (PSA). *Id.* Each agreement included an attorney's fee provision. *Id.* On the subject of attorney's fees, the PSA provides:

> 13. ENFORCEMENT. In the event that either party should take legal action against the other by reason of the other's failure to abide by this Agreement, the party who is found to be in violation of this Agreement shall pay to the other party who prevails in said action, the prevailing party's reasonable expenses incurred in the enforcement of this Agreement, said expenses to include, but not be limited to, reasonable attorney's fees . . . .

*Id.*

Eventually, the former husband filed a motion to compel the former wife to comply with the PSA. *Id.* In that motion, the former husband requested attorney's fees based on the fee provision in the PSA. *Id.* In turn, the former wife requested attorney's fees for defending against the motion. *Id.* She relied on the same attorney's fee provision of the PSA as well as section 57.105(7)—a statute

- 2 -

which converts, by operation of law, unilateral fee provisions into reciprocal provisions.

The trial court referred the motion to compel to a general magistrate. *Id.* After holding a lengthy evidentiary hearing, the magistrate issued a report and recommendation. *Id.* In that report, the magistrate made findings adverse to the former husband's claims; and, as a consequence, it recommended that the trial court deny the motion to compel in its entirety—including the former husband's request for attorney's fees. *Id.*

Having ruled against the former husband, the magistrate next considered the former wife's request for attorney's fees. *Id.* Though acknowledging that the former wife prevailed in defending against the motion, the magistrate denied her request for fees under the PSA. The magistrate reasoned: "This type of relief is not encompassed in Paragraph 13 of the parties' PSA as entitlement to attorney's fees and costs is only contemplated against 'the party who is found to be in violation of th[e] Agreement.'" *Id.*[1]

---

[1] The general magistrate reserved ruling on whether the former wife was entitled to attorney's fees under a statute applicable to family law matters. *See* § 61.16, Fla. Stat. (2017).

Each party filed exceptions to the general magistrate's report and recommendation. *Id.* Overruling the parties' exceptions, the trial court approved the report and recommendation. In so doing, the trial court effectively denied the former wife's request for prevailing-party attorney's fees pursuant to section 57.105(7).

Both parties appealed, challenging various aspects of the trial court's rulings. *Levy*, 307 So. 3d at 73-74. The Third District affirmed on all issues except as to the rejection of the former wife's request for attorney's fees under section 57.105(7). The district court reasoned:

> Section 57.105(7) amends by statute all contracts with prevailing party fee provisions to make them reciprocal. Thus, it also applies to those parties, like the former wife in this case, who successfully defend against a breach of contract action. The statute applies if the contract contains a prevailing party provision, and the litigant seeking fees is a party to the contract, *Azalea Trace, Inc. v. Matos*, 249 So. 3d 699, 702 (Fla. 1st DCA 2018), which is exactly the set of facts before the Court in this case. Thus, we would not be rewriting the parties' contract if the former wife is awarded prevailing party attorneys' fees because section 57.105(7) amends the prevailing party attorneys' fee provision by operation of law. The award is mandatory, once the lower court determines a party has prevailed. *Landry v. Countrywide Home Loans, Inc.*, 731 So. 2d 137 (Fla. 1st DCA 1999) (discussing section 57.105(2), which later became section 57.105(7)). Furthermore, the trial courts do not have discretion to decline to award prevailing party fees in a

case such as this. *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005) ("Trial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith. Such provisions exist to 'protect and indemnify' the interests of the parties, not to enrich the party.") (internal citations omitted).

Accordingly, section 57.105(7) requires that the former wife be awarded attorney's fees for successfully defending against the former husband's motion to compel. Therefore, concluding that the trial court erred in declining to award the former wife's motion for attorney's fees pursuant to the prevailing party fee provision as modified by section 57.105(7), we reverse the order on appeal and remand to the trial court with directions to determine the reasonable attorneys' fees and costs to be awarded to the former wife.

*Id.* at 74.

The former husband sought discretionary review in this Court, asserting conflict between *Levy* and *Sacket* regarding the applicability of section 57.105(7) to this type of fee provision. We granted review and hold that section 57.105(7) does not apply to the attorney's fee provision in this case.

## Analysis

The issue for our consideration involves statutory interpretation and is thus subject to de novo review. *See Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (citing *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018)).

In determining the meaning of a statute, we adhere to the supremacy-of-the-text principle—a principle recognizing that "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Page v. Deutsche Bank Tr. Co. Americas*, 308 So. 3d 953, 958 (Fla. 2020) (quoting *Advisory Op. to Governor re Implementation of Amendment 4, the Voting Restoration Amendment*, 288 So. 3d 1070, 1078 (Fla. 2020)). Consequently, we "strive to determine the text's objective meaning through 'the application of [the] text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued.' " *Id.* (alteration in original) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (2012)).

The statute at issue in this case is section 57.105(7), which states: "If a contract contains a provision allowing attorney's fees *to a party* when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the *other party* when *that party prevails* in any action, whether as plaintiff or defendant, with respect to the contract." (Emphasis added.) By its terms, the statute only applies to a provision that

confers on *a* party the right to attorney's fees while not affording a comparable right to the *other* party. Indeed, though addressing a different issue, we have recently characterized the type of provision to which the statute applies as a "unilateral" attorney's fee provision. *Ham*, 308 So. 3d at 948-49. Where a unilateral provision is involved, the statute transforms the one-sided provision into a reciprocal provision. In this way, the statute fulfills its purpose, which, we have explained, is "to help level the playing field when a contract contains a unilateral attorney's fee provision." *Id.* at 949.

The attorney's fee provision in this case, however, is not unilateral. The provision does not confer the right to fees on one identifiable contracting party to the exclusion of the other party. Rather, it entitles "either party" to an award of attorney's fees upon demonstrating that the other party violated the PSA. Thus, the provision grants both parties precisely the same contractual right to attorney's fees. Put differently, neither party has a greater right to attorney's fees than the other; nor is one party favored over the other. To find that section 57.105(7) applies here would be to confer a right on the former wife that neither party had under the

contract, namely the right to fees absent proof of a violation of the PSA.  Section 57.105(7) simply does not go that far: it levels the playing field, but does not expand it.  *See Fla Hurricane Prot. & Awning, Inc. v. Pastina*, 43 So. 3d 893, 895 (Fla. 4th DCA 2010).

Inconsistent with this analysis, the Third District held that section 57.105(7) applied here.  However, in reaching that holding, the court failed to consider the threshold issue of whether the attorney's fee provision was unilateral.  That error led the court to improperly expand the scope of section 57.105(7) to apply to the fee provision in the PSA.[2]  In contrast, the Fourth District in *Sacket* properly analyzed the relevant fee provision to determine the applicability of the statute and reached the correct result on that issue.

---

2.  In support of the Third District's holding, the former wife cites *Holiday Square Owners Ass'n v. Tsetsenis*, 820 So. 2d 450 (Fla. 5th DCA 2002), and *CalAtlantic Group., Inc. v. Dau*, 268 So. 3d 265 (Fla. 5th DCA 2019).  Though the rationale in those cases is unclear, the results reached appear to conflict with our interpretation of section 57.105(7).  Thus, to the extent those cases are inconsistent with our holding today, we disapprove of them.

## Conclusion

Based on our analysis above, we hold that section 57.105(7) does not apply to the attorney's fee provision in the PSA, and the Third District erred in holding to the contrary. Accordingly, we quash *Levy* and approve the result reached in *Sacket*.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Constitutional Construction/Direct Conflict of Decisions

    Third District – Case Nos. 3D19-73 and 3D19-318

    (Miami-Dade County)

Evan L. Abramowitz and Jordan B. Abramowitz of Abramowitz and Associates, Coral Gables, Florida,

    for Petitioner

Robert F. Kohlman of KohlmanLaw, LLLP, Miami, Florida,

    for Respondent